IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROBERT WORKMAN,                    )
                    Plaintiff      )
                                   )
        vs.                        ) Civil Action No. 07-749
                                   ) Judge Terrence F. McVerry/
DR. JIN; SCI MEDICAL DEPT.,        ) Magistrate Judge Amy Reynolds Hay
                    Defendants     )


REPORT AND RECOMMENDATION


I.      Recommendation

        It is respectfully recommended that the complaint in the above-captioned case

(Docket No. 3) be dismissed for failure to prosecute.


II.     Report

        The plaintiff, has presented a civil rights complaint against Dr. Jin and SCI

Medical Department alleging that the medical department at SCI Greene did not take x-rays of

his hand until two days after it was broken and did not put a cast on it until five days after it was

broken, having refused to allow a surgeon to look at the x-rays.  Plaintiff also complains that he

has had problems with his hand since the cast came off on April 18, 2007, which defendants have

apparently failed to address.

        On June 28, 2007, this Court issued an order directing plaintiff to submit an initial

filing fee of $22.08 within twenty (20) days and directing plaintiff to complete and return a

Notice and Authorization form, so that the appropriate withdraws from his inmate account could

be made until the full filing fee has been paid.  Plaintiff failed to submit either the initial filing

fee or the Notice and Authorization form and on August 15, 2007, an order was issued directing plaintiff to show cause on or before August 29, 2007, why the case should not be dismissed for failure to prosecute.  Plaintiff was also provided with another copy of the Notice and Authorization form.  To date, plaintiff has failed to submit either the initial filing fee or the Notice and Authorization form, and has otherwise failed to respond to the Rule to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders which weigh heavily against him.  Plaintiff's failure to submit the initial filing fee and the Notice and Authorization form and his subsequent failure to respond to the Rule to Show Cause was not

only solely his personal responsibility but his persistence in ignoring the Court's orders appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has repeatedly failed to respond to this Court's orders and has failed to submit the initial filing fee and requisite Notice and Authorization form so that the case may go forward, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

3

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated: September 7, 2007


cc:     Robert Workman
        AT-0848
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370